Aaron W. Baker, OSB # 922220
888 SW Fifth Avenue, Suite 650
Portland, OR 97204
Phone: 503/ 234-8800
Fax: 503/ 525-0650
Email: awblaw@earthlink.net

Robert K. Meyer, OSB #086470
1001 SW Fifth Avenue, Suite 1100
Portland, OR 97204
Phone: 503/ 471-2818
Fax: 503/220-1815
Email: robert@robertmeyerlaw.com

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **RAYMOND LINDSEY,** | Case No. 3:14-cv-00485 |
| Plaintiff, | COMPLAINT |
| v. | (Title VII; 659A.030; ORS 659A.203; ORS 659A.199) |
| **CLATSKANIE PEOPLE'S UTILITY DISTRICT,** | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

**Nature of the Action**

1.

This is an employment discrimination and retaliation case. Plaintiff brings this action for monetary relief, damages, costs, punitive damages and attorney fees for himself to redress injuries done to him by Defendant or officers, employees or agents of said Defendant in contravention of his federally protected rights in violation of the Civil Rights Act of 1964; Title VII; 42 U.S.C. § 2000e-5, and his state protected rights in violation of Oregon Revised Statute 659A.030, 659A.203, 659A.199 and Oregon common law.

**Jurisdictional Allegations**

2.

The court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 2000 *et seq.*, 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of Plaintiff's claims arose in this judicial district.

4.

Plaintiff filed timely claims with Oregon's Bureau of Labor and Industries ("BOLI") and the Equal Employment Opportunity Commission raising the issues alleged herein.

5.

Plaintiff sent a timely tort claim notice to Defendant pursuant to ORS 30.260.

**General Factual Allegations**

6.

Defendant was and is at all times herein mentioned an Oregon public body formed under Section 261 of the Oregon Constitution with its principal place of business in Clatskanie, Oregon.

7.

At all material times, Defendant employed at least 15 employees.

8.

At all material times, Plaintiff was supervised by Defendant's employees or agents and Plaintiff relied on the actual or apparent authority of Defendant's employees, supervisors and management.

9.

At all material times herein, Gregory Booth was General Manager of Defendant.

10.

Defendant hired Plaintiff as an Information Technology (IT) supervisor on or about March 21, 2011.

11.

On or about February 20, 2012, Defendant promoted Plaintiff to IT Manager and increased his pay. Plaintiff began reporting directly to Booth.

12.

On or about January 1, 2013, Defendant promoted Plaintiff to Director of IT and awarded him another pay raise.

**Allegations Related to Religious Discrimination/Harassment**

13.

Shortly after Plaintiff was hired, Booth questioned Plaintiff about his religious affiliation. Plaintiff told Booth that he was a member of the Church of Latter Day Saints (LDS). From that point until his termination, Booth frequently made offensive comments to Plaintiff about his religion. Booth relentlessly attacked Plaintiff's religious beliefs. Booth joked about Plaintiff's daughter having sex and getting pregnant while she was attending college, criticized Plaintiff's son's choice to go on a LDS mission, and openly disparaged Plaintiff's faith at every opportunity.

14.

As time went on, Booth became more and more brazen in his insults to Plaintiff's religion. In or about the fall of 2012, Booth stated to Plaintiff: "All you Mormons are the same – you do nothing but have kids."

15.

In or about November 2012, Defendant's employee Randy Larson joked in a manager's meeting that everyone in Salt Lake City is Mormon while looking at Plaintiff. Booth chuckled in response. After the meeting, Plaintiff's co-worker complained on Plaintiff's behalf to Administrative Services Director Debbie Throop about the offensive

comments made at the meeting. Throop told Plaintiff's co-worker that nothing could be done to curb the religious harassment of Plaintiff. Booth's religious harassment of Plaintiff continued until his termination, causing him to suffer emotional distress.

### Allegations Related to Retaliation Claims

16.

Beginning in or about August 2011 and continuing until Plaintiff's termination, Booth frequently made unwelcome offensive comments about Plaintiff's female co-workers, including the following:

a.  That there ought to be a flat fine for groping a woman based on the specific body part – a certain amount for a woman's butt, breasts, etc. Then Booth could grope the woman, pay the fine and that would be it.

b.  That women should not be in the workplace.

c.  That women do not have the right "plumbing" to succeed.

d.  That female employees were asking for it by the way they dressed.

e.  That he intended to write a book when he retired about how women are not to be trusted in the workplace.

17.

Plaintiff was extremely uncomfortable about Booth's hostile remarks toward women. Throughout his employment, Plaintiff repeatedly told Booth that he wanted to focus on his job and stay out of Booth's disputes with female employees. Booth continued to make sexually discriminatory comments to Plaintiff on a regular basis until the end of his employment. Several female co-workers told Plaintiff that they had complained to Throop and she told them nothing could be done about Booth's sexual harassment.

18.

In or about late 2011, one or more of Defendant's female employees reported sex crimes by Defendant's employee, Joe Taffe, to the Clatskanie Police Department. The Clatskanie Police Department subsequently began an investigation into Taffe's criminal sexual abuse of female employees at Defendant.

19.

As part of its investigation, the Clatskanie Police Department interviewed many of Defendant's female employees about Taffe. Several female employees reported to the police that Taffe had committed sex crimes against them. The Columbia County District Attorney subsequently brought sex abuse charges against Taffe arising out of his conduct towards several of Defendant's female employees.

20.

Booth, a close friend of Taffe's, was upset by the police investigation. Booth subsequently obtained the police reports from the Clatskanie Police Department and made statements that he was furious at the female employees who cooperated in the police investigation of Taffe and intended to fire them.

21.

In or around November 2012, when Booth complained to Plaintiff about harassment claims by female employees, Plaintiff told Booth that he felt there are always two sides to every story. Booth became agitated and shouted that there is only one side of the story – his – and Plaintiff was going to have to listen to it.

22.

On or about a date in 2012, Plaintiff was with Booth and Taffe at work when Taffe joked about how when a computer is removed from the workplace it can no longer be evidence. Booth followed up by saying how the previous IT person had helped them hide evidence during a 2007 investigation of hostile work environment claims against Booth. Booth explained that Plaintiff may be called on to do the same in the future. Plaintiff was sickened by the idea and began to lose sleep worrying about his future with Defendant.

23.

On or about February 15, 2013, BOLI found substantial evidence of discrimination and retaliation against Defendant in the cases of two employees, Elisha Shulda and Gail Rakitnich.

24.

Booth complained to Plaintiff about the BOLI findings and told Plaintiff that he wanted to fire the female employees who had complained about sexual harassment. To that end, Booth instructed Plaintiff to search the computers of female employees in order to find something that could be used as an excuse to fire them. Booth also wanted Plaintiff to "clean" Booth's own computer. Plaintiff reported to Booth that he believed such actions violated the law. Plaintiff asked Booth for a memo from Defendant's legal counsel about whether the requested actions were legal. Booth angrily told Plaintiff that he, Booth, was in charge – not the lawyers or the commissioners.

25.

Booth later began summarily terminating employees who had reported or opposed Defendant's illegal conduct.

26.

On April 30, 2013, Booth asked Plaintiff for all Defendant's employees' computer passwords. Plaintiff was concerned that Booth was again attempting to tamper with evidence related to the legal cases. Plaintiff told Booth he believed that Booth's request violated the law. Plaintiff asked Booth to get clearance from Defendant's lawyers before he proceeded. Booth was furious with Plaintiff for requesting a lawyer to approve the request. Booth never provided Plaintiff with legal approval.

27.

Shortly thereafter, Booth told Plaintiff that he was going to search through the laptop of an employee who had made discrimination claims against Booth and Defendant. Plaintiff reported to Booth that he did not believe that would be legal. Booth began questioning Plaintiff's loyalty and accused him of helping the female employees who had made complaints. Plaintiff explained that all he wanted was to make sure Defendant complied with the law, which only served to further aggravate Booth.

28.

On or about May 7, 2013, within days of Plaintiff's reports to Booth about the possible illegality of Booth's IT requests, Defendant put Plaintiff on administrative leave for numerous vague and unsubstantiated policy violations.

29.

On or about May 17, 2013, Defendant terminated Plaintiff for said policy violations but persisted in refusing to explain the basis for the violations.

## First Claim For Relief

## Title VII – Religious Discrimination/Harassment

30.

Plaintiff realleges paragraphs 1 through 29.

31.

Defendant discriminated against Plaintiff by engaging in and/or allowing a continuing course of conduct, including but not limited to, religious discrimination and religious harassment, which created a hostile work environment.

32.

Defendant's conduct was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create a hostile work environment.  Defendant knew or should have known of the abusive work environment and failed to take prompt remedial action.

33.

Defendant discriminated against Plaintiff in the terms and conditions of his employment, including but not limited to his termination, on the basis of his religion in violation of Title VII.

34.

As a result of Defendant's unlawful discrimination, Plaintiff has incurred and continues to incur economic damages, including lost wages, in an amount to be proven at trial.

35.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

36.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights. Defendant should be assessed punitive damages pursuant to 42 USC §1981(b)(1) in an amount to be determined at trial.

37.

Plaintiff is entitled to recover his costs and attorney fees pursuant to 42 USC §1988 and Title VII.

## Second Claim For Relief
## ORS 659A.030 – Religious Discrimination

38.

Plaintiff realleges paragraphs 1 through 37.

39.

Defendant discriminated against Plaintiff by engaging in and/or allowing a continuing course of conduct, including but not limited to, religious discrimination and religious harassment, which created a hostile work environment.

40.

Defendant's conduct was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create a hostile work environment. Defendant knew or should have known of the abusive work environment and failed to take prompt remedial action.

41.

Defendant discriminated against Plaintiff in the terms and conditions of his employment, including but not limited to his termination, on the basis of his religion in violation of ORS 659A.030.

42.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur economic damages, including lost wages, in an amount to be proven at trial.

43.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer fear, stress, humiliation, inconvenience and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

44.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

45.

Plaintiff is entitled to recover his costs and attorney fees pursuant to ORS 659A.885.

### Third Claim For Relief
### Title VII – Retaliation

46.

Plaintiff realleges paragraphs 1 through 45.

47.

Defendant discriminated against Plaintiff in the terms and conditions of his employment, including terminating Plaintiff, due to Plaintiff's good faith reporting and/or opposition to employment practices that violated Title VII.

48.

As a result of Defendant's unlawful retaliation, Plaintiff has incurred and continues to incur economic damages, including lost wages, in an amount to be proven at trial.

49.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to him non-pecuniary loss in an amount to be determined at trial.

50.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights. Defendant should be assessed punitive damages pursuant to 42 USC §1981(b)(1) in an amount to be determined at trial.

51.

Defendant's conduct was part of a pattern and practice of discrimination against those who reported and/or opposed employment practices that violated Title VII. The Court should enter a permanent injunction prohibiting such conduct in the future.

52.

Plaintiff is entitled to recover his costs and attorney fees pursuant to 42 USC §1988 and Title VII.

### Fourth Claim For Relief

### ORS 659A.030 – Retaliation

53.

Plaintiff realleges paragraphs 1 through 52.

54.

Defendant discriminated against Plaintiff in the terms and conditions of his employment, including terminating him, in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to practices that violated ORS 659A.030.

55.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur economic damages, including lost wages, in an amount to be proven at trial.

56.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer fear, stress, humiliation, inconvenience and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

57.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

58.

Plaintiff is entitled to recover his costs and attorney fees pursuant to ORS 659A.885.

### Fifth Claim For Relief

### (Public Employer Whistleblower Retaliation – ORS 659A.203)

59.

Plaintiff realleges paragraphs 1 through 58 above as fully set forth herein.

60.

Defendant, a public employer, retaliated against Plaintiff in the terms and conditions of his employment by terminating Plaintiff in substantial part for opposing and/or reporting in good faith what Plaintiff believed to be illegal conduct, as well as evidence of violations of federal and/or state laws, rules, or regulations.

61.

Plaintiff realleges his damages as set forth in paragraphs 1 through 60 above.

### Sixth Claim For Relief

### (Whistleblower Retaliation – ORS 659A.199)

62.

Plaintiff realleges paragraphs 1 through 61 above as fully set forth herein.

63.

Defendant retaliated against Plaintiff in the terms and conditions of his employment by terminating Plaintiff in substantial part for opposing and/or reporting in good faith what Plaintiff believed to be illegal conduct, as well as evidence of violations of federal and/or state laws, rules, or regulations.

64.

Plaintiff realleges damages as set forth in paragraphs 1 through 63 above.

## Seventh Claim For Relief

### (Wrongful Discharge in Violation of Public Policy)

65.

Plaintiff realleges paragraphs 1 through 64 above as fully set forth herein.

66.

At all materials times, the public policy of Oregon prohibited an employer from retaliating against an employee for opposing and/or reporting in good faith what Plaintiff believed to be illegal conduct, as well as evidence of violations of federal and/or state laws, rules, or regulations.

67.

This public policy is embodied in the common law, statutes, and regulations of the State of Oregon and the United States including, but not limited to ORS 659A.203, and 659A.199.

68.

Defendant, acting through its agents and/or employees, violated the above public policies by retaliating against Plaintiff for opposing and/or making good faith complaints about unlawful conduct.

69.

Defendant's discharge of Plaintiff was taken in retaliation for Plaintiff's pursuit and exercise of Plaintiff's rights, which are of important public interest.

70.

Plaintiff realleges damages as stated in paragraphs 1 through 69.

///
///
///
///
///

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For permanent injunctive relief enjoining Defendant from engaging in any employment practice that constitutes unlawful discrimination or retaliation under Title VII or Oregon law;
2. Economic damages and future losses to be determined at trial;
3. Non-economic damages to be determined at trial;
4. Punitive damages in an amount to be determined at trial;
5. Reasonable costs and attorney fees; and
6. For such other and further relief as the Court may deem just and equitable.

DATED this 25th day of March, 2014.

*s/ Aaron W. Baker*

Aaron W. Baker, OSB No. 922220
Of Attorneys for Plaintiff

13 | Complaint